1  Jerry L. Steering, Esq. [State Bar No. 122509]
2  Brenton W. Aitken Hands, Esq. [State Bar No. 308601]
   LAW OFFICE OF JERRY L. STEERING
3  4063 Birch Street, Suite 100
4  Newport Beach, CA 92660
   Telephone: (949) 474-1849
5  Facsimile: (949) 474-1883
6  jerrysteering@yahoo.com
   brentonaitken@gmail.com
7

8  Attorney for Plaintiff Mario Melendez

9

10                **UNITED STATES DISTRICT COURT**
11
                **NORTHERN DISTRICT OF CALIFORNIA**
12

13  MARIO EDGARDO MELENDEZ,      ) Case No. : 5:21-cv-02651-BLF
                                 )
14        Plaintiff,             ) PLAINTIFF'S OPPOSITION TO
15                               ) DEFENDANTS' MOTION TO DISMISS
                                 ) INITIAL COMPLAINT;
16        vs.                    ) MEMORANDUM OF POINTS AND
                                 ) AUTHORITIES
17  CITY OF MOUNTAIN VIEW,       )
18  BENJAMIN F. KROUTIL,         )
    ANTHONY R. REINOSA, JOSHUA   ) HEARING DATE:      Oct. 14, 2021
19  K. LAI, JEFFREY J. REED and  ) TIME:              9:00 a.m.
20  DOES 1 through 10, inclusive, ) CTRM:             3 (San Jose)
                                 )
21        Defendants.            ) **UNITED STATES DISTRICT JUDGE**
22  _____ ) **BETH LABSON FREEMAN**
23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
i

# **TABLE OF CONTENTS**

FACTUAL BACKGROUND ........................................................................ 1

ARGUMENT ........................................................................................... 1

I.  GENERAL STANDARDS FOR PLEADINGS AND MOTIONS TO
    DISMISS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE. ............... 1

   A. Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P.
      12(b)(6). ......................................................................................... 1

      1. General Rule ............................................................................ 1

      2. *Monell* Claims ......................................................................... 2

II. THIS COURT SHOULD DENY DEFENDANTS' RULE 12(b)(6)
    MOTION AS TO PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS. ......................... 3

   A. Liability of Individuals Under 42 U.S.C. § 1983. ................................. 3

   B. Fourth Amendment Claims ............................................................. 4

      1. Fourth Amendment—Searches and Seizures of Persons. ................ 4

         a.  Under the Fourth Amendment, all Arrests Must be Supported by
             Probable Cause . ................................................................. 4

         b.  Probable Cause—Refusing to Identify Oneself to an Officer. ......... 5

         c.  Probable Cause—California Penal Code § 148(a)(1). ................... 6

      2. Fourth and First Amendment—Malicious Prosecution. ................... 9

      3. Fourth Amendment—Unreasonable Force. ................................. 10

   C. First Amendment Retaliation. ....................................................... 10

   D. Fourteenth Amendment Claims ..................................................... 11

      1. Fourteenth Amendment—Substantive Due Process Claims—
         Generally. ............................................................................. 12

2.  Fourteenth Amendment—Denial of Due Process—Deliberate
Fabrication or Knowing Use of False of Evidence. ......................................12

E.  Municipal Liability Under § 1983—Failure to Train. ......................................13

F.  Defendants' Motion Should be Denied as to Plaintiff's First, Third, and
Fourth Claims, Because Defendants Lacked Probable Cause to Arrest
Plaintiff For Any Crime. .....................................................................15

G.  Defendants' Motion as to Plaintiff's Second Claim for Excessive Force
Must be Denied. ....................................................................................16

H.  Defendants' Motion as to Plaintiff's *Monell* Claims Must be Denied..............17

III.  THIS COURT SHOULD DENY DEFENDANTS' RULE 12(b)(6)
MOTION AS TO PLAINTIFF'S STATE LAW CLAIMS. ...................................18

A.  False Arrest Under California Law. ................................................................18

B.  Assault and Battery Under California Law. ....................................................19

C.  Cal. Civ. Code § 52.1 (the Bane Act). ............................................................20

D.  Intentional Infliction of Emotional Distress....................................................21

IV.  IF THIS COURT FINDS THAT PLAINTIFF HAS NOT SUFFICIENTLY
PLEAD ONE OR MORE CLAIMS, THE COURT SHOULD GRANT
PLAINTIFF LEAVE TO AMEND..........................................................................22

CONCLUSION .................................................................................................................22

# FACTUAL BACKGROUND

Plaintiff incorporates the facts as alleged in the Complaint. (Dkt. 1, ¶¶ 1-133 ["COMPLAINT".) Plaintiff repeats the facts herein only as necessary to rebut Defendants' arguments.

# ARGUMENT

## I.   GENERAL STANDARDS FOR PLEADINGS AND MOTIONS TO DISMISS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.

### A. Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6).

#### 1. General Rule

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *see also* FED. R. CIV. P. 8(a)(2). ). "Pleadings need suffice only to put the opposing party on notice of the claim." *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001). "All pleadings shall be construed as to do substantial justice," and "[n]o technical forms of pleading . . . are required." Fed. R. Civ. P. 8(e)(1), (f). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana*, 262 F.3d at 877 (citing *Am. Timber & Trading Co. v. First Nat'l Bank,* 690 F.2d 781, 786 (9th Cir. 1982)). While "Plaintiffs are not required to allege legal theories, . . . doing so makes it more likely that the opposing party will have notice and better understanding of what is at issue." *Fontana*, 262 F.3d at 877.

In the wake of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and other recent landmark Supreme Court pleadings cases, the standard for evaluating the sufficiency of pleadings under Rule 12(b)(6) is as follows:

**First**, . . . allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. **Second**, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*AE ex rel. Hernandez v. City of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) [emphases added]). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In considering a defendant's Motion to Dismiss, the Court must accept all factual allegations of the complaint as true and construe those facts, as well as the inferences from those facts, in the light most favorable to Plaintiff. *See Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995). The Ninth Circuit "relax[es] pleading requirements where the relevant facts are known only to the defendant." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995)).

## 2. *Monell* Claims

"Normally, the question of whether a policy or custom exists would be a jury question." *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996).

The United States Supreme Court has flatly rejected any "heightened pleading standard" for *Monell* claims, as such a standard would be "impossible to square . . . with the liberal system of 'notice pleading' set up by the Federal Rules." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). *See also Erickson v. Pardus*, 551 U.S. 89 (2007); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506

(2002).[1] The Ninth Circuit Court of Appeals recently reaffirmed that "a *Monell* claim filed by way of 42 U.S.C. § 1983 will withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.' "[2]*Reyes v. City of Santa Ana*, __ F.App'x __ (9th Cir., Oct. 22, 2020) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 682–83 (9th Cir. 2001)). *See also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988); *Shah v. Cty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986); *Guillory v. County of Orange*, 731 F.2d 1379, 1381–82 (9th Cir. 1984). This line of "bare allegation" *Monell* cases has not "been implicitly overruled" by *Iqbal* or *Twombly*, and the Ninth Circuit has resisted making any such pronouncement.[3] *See AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *Starr v. Baca*, 652 F.3d 1202, 1215 (9th Cir. 2011).

## II.   THIS COURT SHOULD DENY DEFENDANTS' RULE 12(b)(6) MOTION AS TO PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS.

### A. <u>Liability of Individuals Under 42 U.S.C. § 1983.</u>

The elements of a § 1983 claim are (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In order to be individually liable under § 1983, an individual must personally participate in an alleged rights deprivation. *Avalos v.*

---

[1] The Supreme Court has made it clear that *Iqbal* and *Twombly* did not overrule cases such as *Leatherman* and *Swierkiewicz*. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). Moreover, it should be noted that both *Leatherman* and *Swierkiewicz* were unanimous opinions. By contrast, neither *Iqbal* nor *Twombly* was unanimous. *Iqbal* was decided narrowly by a margin of 5-4.

[2] This standard exists in part because of the Ninth Circuit's recognition that facts necessary to prove *Monell* claims are often "largely within the control of the defendant and often can be obtained only through discovery." *See Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1124 (9th Cir. 2002).

[3] Cases such as are *Shah*, *Karim-Panahi*, and *Lee* are well-grounded in recent Supreme Court precedent. *See Erickson*, 551 U.S. at 89; *Swierkiewicz*, 534 U.S. at 506; *Leatherman*, 507 U.S. at 163. In fact, *Karim-Panahi* was cited favorably in *Leatherman* as being on the correct side of a "conflict among the Courts of Appeals." *See Leatherman*, 507 U.S. at 165.

*Baca*, 596 F.3d 583, 587 (9th Cir. 2010). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).

A person deprives another of a constitutional right, within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "An officer's liability under section 1983 is predicated on his integral participation in the alleged violation." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019) (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (internal quotes omitted)). " '[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." *Boyd v. Benton Cty.*, 374 F.3d 773, 780 (9th Cir. 2004). Thus, an "officer could be held liable where he is just one participant in a sequence of events that gives rise to [the alleged] constitutional violation." *Nicholson*, 935 F.3d at 692. *See e.g., Bonivert v. City of Clarkston*, 883 F.3d 865, 879 (9th Cir. 2018) ("we have recognized that officers who provide armed backup, stand at the door with a gun while other officers conduct a search inside an apartment, and participate in the search operation are integral participants").

**B. Fourth Amendment Claims**

**1. Fourth Amendment—Searches and Seizures of Persons.**

      a.  Under the Fourth Amendment, all Arrests Must be Supported by Probable Cause .

It is axiomatic that all searches and seizures must be supported by probable cause to be reasonable, and thus lawful, under the Fourth Amendment. *See* U.S. Const. amend IV. "A claim for unlawful arrest is cognizable under§ 1983 as a Violation of the Fourth

Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (quoting *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001)). All arrests must be, at minimum, supported by probable cause. *See Dunaway v. New York*, 442 U.S. 200, 214 (1979). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004). "[T]he determination of probable cause is based upon the totality of the circumstances known to the officers at the time" of the arrest. *Id*.

b. <u>Probable Cause—Refusing to Identify Oneself to an Officer.</u>

The Supreme Court of the United States has established a bright-line rule that the Fourth Amendment forbids a state from criminalizing a person's refusal to identify himself unless that person is already a lawfully detained suspect of a crime, and such refusal cannot be used to form suspicion of criminal activity. *Brown v. Texas,* 443 U.S. 47, 53 (1979), *Hiibel v. Sixth Judicial Dist. Court of Nev.,* 542 U.S. 177 (2004). In states that have enacted so-called "stop and identify" statutes, officers may arrest lawfully detained suspects who refuse to identify themselves, but "the source of the legal obligation [to identify oneself] arises from . . . *state law*, not the Fourth Amendment." *Hiibel*, 542 U.S. at 187-88 (emphasis added). In addition, to be valid, any such statute must be drafted with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *See Kolender v. Lawson*, 461 U.S. 352, 357-361 (1983).

Unlike Nevada and other states, "California does not have a statute mandating that a detainee identify himself, and that obligation cannot be read into [California] Penal Code section 148." (*See* SER 126 [excerpt from California Department of Justice and California District Attorneys Association, *2012 Field Guide to the California Peace Officers Legal Sourcebook* § 2.13-2.14a (Rev. Jan. 2012))]). *See also Kolender,* 461 U.S.

at 357-361; *Martinelli v. City of Beaumont,* 820 F.2d 1491, 1494 (9th Cir. 1987). In fact, California used to have a "stop and identify" statute which "require[d] that an individual provide 'credible and reliable' identification when requested by a police officer who has reasonable suspicion of criminal activity sufficient to justify a *Terry* detention." *Kolender*, 461 U.S. at 355–356. The Supreme Court in *Kolender* struck that statute down as "unconstitutionally vague on its face because it encourages arbitrary enforcement by failing to describe with sufficient particularity what a suspect must do in order to satisfy the statute." *Id.*, at 358-361.

As a result, California no longer has a "stop and identify" statute, and it has not had one for thirty-four years since *Kolender* was decided.

c.   Probable Cause—California Penal Code § 148(a)(1).

"Under California Penal Code § 148(a)(1), 'the legal elements of a violation . . . are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (quoting *In re Muhammed C.,* 95 Cal.App.4th 1325, 1329 (2002)) (alteration marks omitted). The "criminal defendant must have 'resisted, delayed, or obstructed' a police officer in the *lawful* exercise of his duties," and "the lawfulness of the officer's conduct is an essential element of the offense[.]" *Id.* (citing *People v. Curtis,* 70 Cal.2d 347, 354-356, 357 n. 9 (1969); *Susag v. City of Lake Forest,* 94 Cal.App.4th 1401, 1409 (2002)) (alteration marks omitted; emphasis in original). However, "an officer is not lawfully performing her duties when she detains an individual without reasonable suspicion or arrests an individual without probable cause." *Garcia v. Superior Court*, 177 Cal.App.4th 803, 819 (2009); *Nuño v. County of San Bernardino* 58 F.Supp.2d 1127, 1134 (C.D. Cal. 1999). "[A]n arrest made with excessive force is equally unlawful," and "[i]t goes without saying, of course, that [it is

not] the duty to officers to taunt or beat persons arrested." *People v. White*, 101 Cal.App.3d 161, 166-168 (1980); *People v. Muniz*, 4 Cal.App.3d 562, 567 (1970).

"Section 148(a) does not make it a crime . . . to resist unlawful orders." *See*, *e.g.*, *Maxwell*, 708 F.3d at 1086 (arrestee did not violate a "lawful order" under § 148(a)(1) where the "only crime identified by the Sheriff's officers is [arrestee's] refusal to obey [officer's] order not to rejoin his family"); *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1178 (9th Cir. 2013) (officer was "not entitled to qualified immunity" for arrest under § 148 based on arrestee's "refusal to accede to the unlawful detention"). In fact, it is "well established under California law that even an *outright refusal to cooperate* with police officers cannot create adequate grounds," without more, to arrest for violating Penal Code § 148(a)(1). *See Velazquez v. City of Long Beach*, 793 F.3d 1010, 1023 (9th Cir. 2015) (citing *Mackinney v. Nielsen*, 69 F.3d 1002, 1007 (9th Cir. 1995); *People v. Bower,* 24 Cal.3d 638, 649 (1979)) (quotation and alteration marks omitted; emphases added).

With regard to enforcement of state "obstruction" statutes, the Supreme Court has declared that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Houston v. Hill*, 482 U.S. 451, 462-464 (1987). Likewise, "California law also gives citizens considerable latitude in confronting the police" in the context of § 148(a)(1). *See Mackinney*, 69 F.3d at 1007; *People v. Quiroga*, 16 Cal.App.4th 961, 966 (1993); *In re Chase C.*, 243 Cal.App.4th 107, 118-120 (2015). For example, in *People v. Wetzel*, 11 Cal.3d 104, 107-109 (1974) "the California Supreme Court found that a defendant who stood in the doorway of an apartment and refused to allow officers to enter did not violate § 148." *See Mackinney*, 69 F.3d at 1007 (discussing *Wetzel*). Moreover, "Ninth Circuit law also clearly establishes the right verbally to challenge the police," and it has soundly rejected the argument that "verbal protests could . . . support an arrest under § 148." *Id.* at 1006-1007 (vandalism suspect who "refused to stop defacing the sidewalk"

1   could not be arrested under Pen. Code § 148(a)(1), and a reasonable officer "should have

2   known that . . . verbal protests could not support an arrest under § 148.").

3       California courts have long held that § 148 does not criminalize a person's refusal to

4   identify himself unless he has been lawfully arrested for a felony and refuses to identify

5   himself during the booking process. *See People v. Quiroga*, 16 Cal.App.4th 961, 970 (1993);

6   *People v. Christopher* 137 Cal.App.4th 418 (2006). *See also In Re Gregory S.*, 112

7   Cal.App.3d 764 (1980) (failure to identify oneself to a peace officer is not a crime in

8   California); *In re Chase C.*, 243 Cal.App.4th 107 (2015) (same).

9       The Ninth Circuit has held that "use of Section 148 to arrest a person for refusing to

10  identify herself during a lawful *Terry* stop violates the Fourth Amendment's proscription

11  against unreasonable searches and seizures." *Martinelli v. City of Beaumont*, 820 F.2d 1491,

12  1494 (9th Cir. 1987). In *Martinelli*, officers who suspected that Martinelli was involved in a

13  hit-and-run collision approached her and asked her for identification. *Id.* at 1492. Martinelli

14  refused to identify herself to officers for over 30 minutes, then walked away. *Ibid*. Officers

15  arrested Martinelli under Cal. Pen. Code § 148 "for delaying a lawful police investigation by

16  refusing to identify herself." *Ibid*. Relying on *Lawson v. Kolender*, 658 F.2d 1362 (9th

17  Cir.1981), *aff'd.,* 461 U.S. 352 (1983). The Ninth Circuit held that "use of Section 148 to

18  arrest a person for refusing to identify herself during a lawful *Terry* stop violates the Fourth

19  Amendment's proscription against unreasonable searches and seizures." *Id.* at 1494.

20      *Martinelli* is still binding law in this Circuit, even in the wake of *Hiibel v. Sixth*

21  *Judicial Dist. Court of Nev.,* 542 U.S. 177 (2004). Far from criminalizing one's refusal to

22  provide identification generally, *Hiibel* merely upheld a Nevada "stop and identify" statute

23  which otherwise satisfied the Supreme Court's limitations on such laws. *Hiibel*, 542 U.S. at

24  188. The *Hiibel* Court clarified its holding: "the source of the legal obligation arises from

25  Nevada *state law*, not the Fourth Amendment." *Id.* at 187 (emphasis added). Thus, *Hiibel*

26  did not "overrule" or "overturn" *Martinelli*, and *Martinelli* is still the law of this Circuit.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

8

1

2

3

*Martinelli*'s proscription against use of Cal. Penal Code § 148 to arrest detainees for failing to identify themselves is still controlling law, and reasonably informed law enforcement agents are acutely aware of it.

4

### 2.  Fourth and First Amendment—Malicious Prosecution.

5

6

7

8

9

10

11

12

13

14

15

16

17

Malicious prosecution "consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause." *Sullivan* v. *County of Los Angeles*, 12 Cal.3d 710 (1974).  A claim for malicious prosecution may be brought under the First, Fourth, and/or Fourteenth Amendments, depending upon the Constitutional rights violated. "If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." *Manuel v. City of Joliet*, 137 S. Ct. 911, 918-920 (2017); *Albright v. Oliver*, 510 U.S. 266 (1994); *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126 (9th Cir. 2002). If the complaint alleges that "government officials . . . subject[ed] an individual to retaliatory . . . criminal prosecutions, for speaking out," then the right allegedly infringed lies in the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

18

19

20

21

22

23

24

25

26

Although malicious prosecution may not be alleged under the rubric of Fourteenth Amendment "substantive due process" for a period of pre-trial detention,[4] "once a trial has occurred, the Fourth Amendment drops out," and a plaintiff alleging malicious prosecution for "any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment." *Manuel*, 137 S. Ct. at 920 n.8. In some circumstances, malicious prosecution may be alleged as an equal protection violation. *See Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987) (where plaintiff's complaint "alleged that the defendants illegally arrested him, contrived charges to justify the arrest,

27

28

---

[4] *Albright v. Oliver*, 510 U.S. 266, 274-275 (1994).

submitted false police reports . . .[,] initiated his criminal prosecution in bad faith[,]" and used racial slurs "sufficient to demonstrate racial animus," pleadings stated claim under 42 U.S.C. § 1983 "for a malicious prosecution intended to deprive a person of the equal protection of the laws").

### 3. Fourth Amendment—Unreasonable Force.

When an officer seizes a person by using "excessive force," his conduct violates that person's Fourth Amendment right to be free from unreasonable seizures. *See Brower v. County of Inyo,* 489 U.S. 593, 596 (1989); *Graham v. Connor,* 490 U.S. 386, 395 (1989). In evaluating objective "reasonableness" of force, the Court considers "[1] the severity of the crime at issue,[2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Ibid*. In addition, "the availability of alternative methods of capturing or subduing a suspect may be a factor to consider." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (citing *Chew v. Gates,* 27 F.3d 1432, 1441 n. 5 (9th Cir. 1994)).

"A series of Ninth Circuit cases has held that tight handcuffing can constitute excessive force." *LaLonde v. Cty. of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000) (citing *Palmer v. Sanderson,* 9 F.3d 1433 (9th Cir. 1993); *Hansen v. Black,* 885 F.2d 642 (9th Cir. 1989)). "The issue of tight handcuffing is usually fact-specific and is likely to turn on the credibility of the witnesses." *Ibid*. For that reason, in *LaLonde*, the Court recognized that "it is difficult, if not impossible, to say that the only reasonable conclusion that the evidence permits is that the force used [in applying tight handcuffs] was reasonable" and held that "this aspect of the case should . . . have gone to the jury." *Ibid*.

### C. <u>First Amendment Retaliation.</u>

All speech is presumptively protected under the First Amendment. *See R.A.V. v. St. Paul*, 505 U.S. 377, 382 (1992); *Simon & Shuster, Inc. v. Members of N.Y. State Crime*

1   *Victims Bd.*, 502 U.S. 105, 116 (1991). The right to criticize and protest police action, even

2   in the midst of an investigation, is "squarely within the protective umbrella of the First

3   Amendment and any action to punish or deter such speech . . . is categorically prohibited by

4   the Constitution." *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013) (quoting

5   *Duran v. City of Douglas,* 904 F.2d 1372, 1378 (9th Cir. 1990). Moreover, "Police officers

6   have been on notice at least since 1990 that it is unlawful to use their authority to retaliate

7   against individuals for their protected speech." *Ford*, 706 F.3d at 1188. *See also Duran,* 904

8   F.2d at 1375-1378 (police officers may not exercise their authority to limit speech for

9   personal motives, especially in response to an individual's criticism or insults).

10       "To establish a retaliation claim, the evidence must show that (1) the officer's conduct

11   'would chill or silence a person of ordinary firmness from future First Amendment

12   activities,' and (2) the officer's desire to chill speech was a 'but-for cause' of the adverse

13   action." *Sharp v. Cty. of Orange*, 871 F.3d 901, 919 (9th Cir. 2017) (citing *Skoog v. Cty. of

14   Clackamas*, 469 F.3d 1221, 1231-1232 (9th Cir. 2006)). However, a plaintiff need not

15   prove that "his speech was actually inhibited or suppressed," and it is sufficient if

16   "deterrence [of protected speech] was a substantial or motivating factor" in the

17   defendant's conduct. *Mendocino Env'l Ctr. v. Mendocino County,* 14 F.3d 457, 459-560

18   (9th Cir. 1994); *Mendocino Env'l Ctr. v. Mendocino County,* 192 F.3d 1283, 1288 (9th

19   Cir. 1999). Moreover, the causation element is satisfied where the officer's verbal

20   expressions at the scene are "quite literally a statement of but-for causation." *See Sharp*, 871

21   F.3d at 908. Recently, the Supreme Court suggested that a lack of probable cause is

22   "generally" a requirement for a First Amendment claim, but that rule is subject to "narrow

23   qualification[s]," such as "circumstances where officers have probable cause to make arrests,

24   but typically exercise their discretion not to do so." *See Nieves v. Bartlett*, 139 S.Ct 1715,

25   1726-1727 (2019).

26   ### D. <u>Fourteenth Amendment Claims</u>

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

11

1

### 1. Fourteenth Amendment—Substantive Due Process Claims—Generally.

The general "standard imposed in the substantive due process context" is that "government action may violate due process if it 'shocks the conscience.' " *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2008) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846  (1998)). "The level of culpability required to meet the conscience-shocking standard depends on the context" of the alleged violation. *Id*. "In determining whether *deliberate indifference* is sufficient to shock the conscience, or whether the more demanding standard of *purpose to harm is required*, the critical consideration is whether the circumstances are such that actual deliberation is practical." *Id*. (quoting *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372 (9th Cir. 1998)) (emphases added; quotation and alteration marks omitted).

"Where actual deliberation is practical, then an officer's 'deliberate indifference' may suffice to shock the conscience. On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Gantt v. City of L.A.*, 717 F.3d 702, 707 (9th Cir. 2013) (citing *Wilkinson v. Torres,* 610 F.3d 546, 554 (9th Cir. 2010)).

### 2. Fourteenth Amendment—Denial of Due Process—Deliberate Fabrication or Knowing Use of False of Evidence.

In *Devereaux v. Abbey*, the Ninth Circuit stated that in order to establish deliberate fabrication of evidence, a plaintiff:

> must, at a minimum, point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information.

263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court held that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Id.* at 1074-1075. Because "actual deliberation is practical" in this context, "an officer's 'deliberate indifference' may suffice to shock the conscience." *Gantt v. City of L.A.*, 717 F.3d 702, 707-708 (9th Cir. 2013); *Tennison v. City & County of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2009). Deliberate indifference encompasses "recklessness disregard." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). The mere "fact that [a plaintiff] was eventually acquitted does not . . . bar [a] Section 1983 action stemming from violations of her rights during the underlying criminal investigation and prosecution." *Soo Park v. Thompson*, 851 F.3d 910, 915 (9th Cir. 2017).

### E. <u>Municipal Liability Under § 1983—Failure to Train.</u>

As used in 42 U.S.C. § 1983, the term "person" includes cities, counties, and other local / municipal government entities. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). However, under *Monell* and § 1983, a municipal entity "may not be held liable . . . unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *See Dougherty v. City of Covina*, 654 F.3d 892, 900-901 (9th Cir. 2011). Thus, to establish that a government entity is liable under *Monell*, a Plaintiff must prove: " '(1) that [she] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to [her] constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.' " *Wilson v. Hays*, 228 F. Supp. 3d 1100, 1112 (S.D. Cal. 2017) (alterations in original) (quoting *Dougherty*, 654 F.3d and *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997)).

The failure of a municipality to train its employees "may amount to a policy of deliberate indifference" under *Monell* "if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Dougherty*, 654 F.3d at 900 (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). "Mere negligence in training or supervision, however," is insufficient. *Ibid.* A municipal entity must have "actual or constructive notice that a particular omission in [its] training program causes [municipal] employees to violate citizens' constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Under this standard, a "failure to train" claim is sufficient where it alleges a "pattern of similar constitutional violations by untrained employees." *Board of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997).

However, the Court has also recognized some instances where "the unconstitutional consequences of failing to train could be so patently obvious that a [municipality] could be liable under § 1983 without proof of a pre-existing pattern of violations." *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014). A municipality's failure "to train its employees to handle recurring situations present[s] an obvious potential for" constitutional violations. *Connick*, 563 U.S. at 62. For example, as the United States Supreme Court pointed out:

> [C]ity policy makers know to a moral certainty that their police officers will be required to arrest fleeing felons. The city has armed its officers with firearms, in part to allow them to accomplish this task. Thus, the need to train officers in the constitutional limits on the use of deadly force [citation omitted] can be said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights.

*Harris*, 489 U.S. at 390 n.10. *See, e.g., Rozier v. City of El Cajon*, No. 17-CV-00347-BAS-NLS, 2017 WL 3721732, at *3-4 (S.D. Cal. Aug. 28, 2017) (denying motion to dismiss *Monell* claim where complaint alleged six ways in which "training was inadequate to allow [officer] to handle the usual and recurring situations" at issue).

Recently, the Ninth Circuit in *Castro* clarified that "deliberate indifference," for purposes of *Monell* liability, is judged under an objective standard, and overruled *Gibson v. County of Washoe*, 290 F.3d 1175, 1195 (9th Cir. 2002) "[t]o the extent that *Gibson* or our other cases suggest otherwise[.]" *Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016).

### F. Defendants' Motion Should be Denied as to Plaintiff's First, Third, and Fourth Claims, Because Defendants Lacked Probable Cause to Arrest Plaintiff For Any Crime.

Defendants argue that Plaintiff's first, third, and fourth claims fail because Defendants had probable cause under Cal. Veh. Code §§ 4462 and 12951.[5] These claims—Fourth Amendment unreasonable seizure, First Amendment retaliation, and malicious prosecution—are all brought under 42 U.S.C. § 1983, and all require probable cause. Defendants' argument is without merit. Veh. Code § 4462 and 12951, by their terms, apply to "driver[s] of . . . motor vehicle[s]." Cal. Veh. Code § 12951; Cal. Veh. Code § 4462. A "driver" is someone who is "driving a motor vehicle upon a highway." *See* Cal. Veh. Code § 12951. Plaintiff was not a "driver" at the time of the underlying incident, and § 12951 and 4462 are inapplicable. Otherwise, mere failure to identify oneself is not, and cannot be a crime in California. *See Kolender,* 461 U.S. at 357-361; *Martinelli,* 820 F.2d at 1494.

But even if Plaintiff were a driver at the time of the incident, he had the right to verbally challenge an exercise of police authority without risking arrest.[6] *See Velazquez,*

---

[5] "The driver of a motor vehicle shall present the registration or identification card or other evidence of registration of any or all vehicles under his or her immediate control for examination upon demand of any peace officer." Cal. Veh. Code § 4462. "The driver of a motor vehicle shall present his or her license for examination upon demand of a peace officer enforcing the provisions of this code." Cal. Veh. Code § 12951.

[6] "[U]se of Section 148 to arrest a person for refusing to identify herself," even "during a lawful *Terry* stop," still "violates the Fourth Amendment's proscription against unreasonable searches and seizures." *Martinelli*, 820 F.2d at 1494.

793 F.3d at 1023; *Bower,* 24 Cal.3d at 649; *Hill*, 482 U.S. at 462-464; *Mackinney*, 69 F.3d at 1007; *Quiroga*, 16 Cal.App.4th at 966; *In re Chase C.*, 243 Cal.App.4th at 118-120; *Wetzel*, 11 Cal.3d at 107-109. The complaint alleges that "Plaintiff verbally protested this demand for identification and stated that he had done nothing wrong," but states nothing further. (Complaint ¶ 24.) Plaintiff did not "admit that he refused to produce his driver's license upon the request of Officer Kroutil." (Cf. Dkt. 20 at 11.)

*People v. Lopez*, 8 Cal.5th 353 (2019), on which Defendants rely, is inapposite. There, the officer was responding to a complaint of erratic driving and had witnessed Lopez driving on a public street. Moreover, the arrestee in *Lopez* admitted to not having a driver's license. Here, by contrast, Defendants did not contact Plaintiff in response to any complaints, Defendants did not see Plaintiff actually driving, and Defendants did not amit to not having a license. *Lopez* is simply inapposite.

Thus, Defendants lacked probable cause to arrest Plaintiff under Veh. Code § 4462 or 12951, or Pen. Code § 148(a)(1). Defendants assert no other bases for probable cause.

Defendants assert no other bases for challenging Plaintiff's First, Third, and Fourth claims under 42 U.S.C. § 1983. Accordingly, Defendants motion as to Plaintiff's First, Third, and Fourth Claims must be DENIED.

## G. Defendants' Motion as to Plaintiff's Second Claim for Excessive Force Must be Denied.

Plaintiff's Second claim, after incorporating the allegations contained in the First claim, alleges that "defendants KROUTIL, REINOSA, LAI, REED and DOES 1 through 6, inclusive, forcibly pulled plaintiff out of his vehicle's driver's side window," and "then slammed his face and body to the ground/street, causing injuries to plaintiff's head, left eye, shoulder and chest." (Complaint ¶ 53.) The Complaint further alleges that

"defendant KROUTIL" handcuffed Plaintiff excessively tightly, that "defendant LAI . . . failed to intervene," and that this force "was further ratified by defendants REED."

Defendants appear to believe Plaintiff's second claim makes no allegations about actions of officers other than Defendant Kroutil. (*See* Dkt. 20 at 23.) Not so. (Complaint ¶ 53.) Defendants otherwise appear to concede that the allegations against Defendant Kroutil are sufficient for purposes of a Fourth Amendment excessive force claim. Because those same allegations are directed at Defendants Reinosa, Lai, and Reed, Defendants must concede they are sufficient to maintain excessive force claims against all the parties named.

Defendants' Rule 12(b)(6) motion, as to Plaintiff's Second claim, must be DENIED.

### H. Defendants' Motion as to Plaintiff's *Monell* Claims Must be Denied.

Defendants argue that Plaintiff's First and Second claims contain no allegations against CITY. However, Plaintiff's Fifth claim incorporates the allegations contained in Plaintiff's First and Second claims, as well as the Third and Fourth claims. (Complaint ¶ 84.) Plaintiff's Fifth claim incorporates Plaintiff's other claims under § 1983, but also separately alleges the bases for imposing liability upon CITY.

The Complaint alleges sufficient facts to find that "Defendants CITY . . . [was] deliberately indifferent to the obvious consequences of their failure to train their police officers . . . that it is not a crime in the State of California to refuse to identify oneself to a police officer, other than when one is already under arrest and is going through the booking process at a jail." (Complaint §§ 87-90.) Moreover, the Complaint sufficiently alleges that Defendants' failure to train was the cause of the other Constitutional violations alleged. These allegations are sufficient to maintain a *Monell* claim against Defendant CITY. *Reyes v. City of Santa Ana*, __ F.App'x __ (9th Cir., Oct. 22, 2020); *Lee*,

1  250 F.3d at 682–83; *Karim-Panahi,* 839 F.2d at 624; *Shah*, 797 F.2d at 747; *Guillory*, 731

2  F.2d at 1381–82.

3          Accordingly, Defendants' motion as to Plaintiff's Monell claim must be DENIED.

4  ### III.    THIS COURT SHOULD DENY DEFENDANTS' RULE 12(b)(6)
5          MOTION AS TO PLAINTIFF'S STATE LAW CLAIMS.

6          A. <u>False Arrest Under California Law.</u>

7          Government Code § 820.4 provides that "a public employee is not liable for his act

8  or omission, exercising due care, in the execution or enforcement of any law," but does

9  not "exonerate[ ]a public employee from liability for *false arrest or false imprisonment*."

10  Cal. Gov. Code § 820.4 (emphases added). Thus, public employees are liable for the tort

11  of false arrest / false imprisonment under California law. *Ibid.* "[F]alse arrest is not a

12  different tort" but "is merely one way of committing a false imprisonment." *Martinez v.*

13  *City of Los Angeles,* 141 F.3d 1373, 1379 (9th Cir. 1998). "False imprisonment is 'the

14  nonconsensual, intentional confinement of a person, without lawful privilege, for an

15  appreciable length of time, however short.' " *George v. City of Long Beach,* 973 F.2d

16  706, 710 (9th Cir. 1992) (quoting *Molko v. Holy Spirit Ass'n for Unification of World*

17  *Christianity,* 46 Cal.3d 1092 (1988), *cert. denied,* 490 U.S. 1084 (1989)). A person is

18  liable for false imprisonment if he or she " 'authorizes, encourages, directs, or assists an

19  officer to do an unlawful act, or procures an unlawful arrest, without process, or

20  participates in the unlawful arrest.' " *Du Lac v. Perma Trans Products, Inc.*, 103

21  Cal.App.3d 937, 941 (1980).

22          Unlike Fourth Amendment unreasonable seizure claims, Defendants have the burden

23  of showing that they had "reasonable grounds" to believe the seizure was lawful. *Allen v.*

24  *McCoy*, 135 Cal.App. 500, 507-508 (1933). Reasonable cause "is coextensive with the

25  doctrine of probable cause . . . , but goes no further." *Cornell v. City & Cty. of San*

26  *Francisco*, 17 Cal.App.5th 766, 788 (2017). If the arrest required a warrant, or an exception

1  to the warrant requirement, the existence of probable cause does not provide "reasonable

2  grounds" to believe the arrest was lawful. *George,* 973 F.2d at 710; *United States v. George*,

3  883 F.2d 1407, 1415 (9th Cir. 1989). Also, unlike Fourth Amendment unreasonable seizure

4  claims under 42 U.S.C. § 1983, California false arrest claims are not subject to qualified

5  immunity. *Cornell*, 17 Cal.App.5th at 788.

6       Here, as discussed above, the Complaint sufficiently alleges that Defendants

7  lacked probable cause to arrest Plaintiff under the Fourth Amendment. These same

8  allegations satisfy a claim for false arrest under California law. Accordingly, Defendants'

9  motion to dismiss under Rule 12(b)(6), as to Plaintiff's claim for false arrest, must be

10 DENIED.

11              **B. <u>Assault and Battery Under California Law.</u>**

12      The essential elements of assault under California law are:

13      (1) defendant acted with intent to cause harmful or offensive contact, or
        threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff
14      reasonably believed she was about to be touched in a harmful or offensive
        manner or it reasonably appeared to plaintiff that defendant was about to
15      carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4)
        plaintiff was harmed; and (5) defendant's conduct was a substantial factor in
16      causing plaintiff's harm.

17
18 *So v. Shin,* 212 Cal.App.4th 652, 668-669 (2013).

19      Under California law, the essential elements of battery are:

20
21      (1) defendant touched plaintiff, or caused plaintiff to be touched, with the
        intent to harm or offend plaintiff; (2) plaintiff did not consent to the
22      touching; (3) plaintiff was harmed or offended by defendant's conduct; and
        (4) a reasonable person in plaintiff's position would have been offended by
23      the touching.

24
25 *So*, 212 Cal.App.4th at 669. "[T]he reasonableness standard for a claim of [California]

26 state law battery by a peace officer is the same as the Fourth Amendment reasonableness

27 standard for excessive force claims." Officers. *See*, *e.g.*, *Olvera v. City of Modesto*, 38

28

F.Supp.3d 1162, 1181 (E.D. Cal. 2014) (citing *Yount v. City of Sacramento,* 43 Cal.4th 885, 902 (2008)).

Here, the facts alleged in the complaint meet the elements of both assault and battery under California law. Because Defendants used unconstitutionally excessive force upon Plaintiff's person, Defendants also committed a battery upon Plaintiff. Because Plaintiff was awake, and therefore "aware of impending harmful or offensive touching" at the hands of Defendants Officers, these same actions meet the elements of assault under California law. *See*, *e.g.*, *Olvera*, 38 F.Supp.3d at 1181. Accordingly, Defendants' Rule 12(b)(6) motion as to Plaintiff's assault and battery claims must be DENIED

## C. Cal. Civ. Code § 52.1 (the Bane Act).

California Civil Code § 52.1 provides a cause of action for violations of plaintiffs' state or federal civil rights committed using "threats, intimidation, or coercion." Cal. Civ. Code § 52.1. The Ninth Circuit has clarified that "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-1106 (9th Cir. 2014) (citing *Cameron v. Craig,* 713 F.3d 1012, 1022 (9th Cir. 2013) ["The elements of the excessive force claim under § 52.1 are the same as under § 1983"]; *Bender v. Cnty. of L.A.,* 217 Cal.App.4th 968 (2013)). Claims under § 52.1 require proof of Defendants' "specific intent" to use force that is "more than necessary under the circumstances." *Reese v. County of Sacramento,* 888 F.3d 1030, 1043 (9th Cir. 2018). However, "it is not necessary for the defendants to have been thinking in constitutional or legal terms . . . , because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese,* 888 F.3d at 1045 (quotation marks omitted).

Here, as discussed above, the complaint sufficiently alleges an excessive force claim. These same facts are sufficient to maintain a claim under Cal. Civ. Code § 52.1. *Chaudhry*, 751 F.3d at 1105-1106. Defendants argue that the Complaint does not allege

1    that Defendants acted with specific intent, but it clearly does. The Complaint alleges that
2    Defendants used excessive force "in order to coerce the plaintiff MELENDEZ" and
3    otherwise "deter the plaintiff from exercising of his constitutional right to verbally protest
4    his seizure by said defendants." (Complaint ¶ 106.) These allegations clearly refer to the
5    intent with which Defendants acted when they violated Plaintiff's Constitutional rights,
6    and thus meet the threshold for alleging "specific intent" in a Bane act claim. *See Reese,*
7    888 F.3d at 1043.
8         Accordingly, Defendants' motion under Rule 12(b)(6), as to Plaintiff's Bane Act
9    claim, must be DENIED.
10
11             **D. <u>Intentional Infliction of Emotional Distress.</u>**
12        "A cause of action for intentional infliction of emotional distress exists when there
13   is (1) extreme and outrageous conduct by the defendant with the intention of causing, or
14   reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's
15   suffering severe or extreme emotional distress; and (3) actual and proximate causation of
16   the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th
17   1035, 1050-1051 (2009) (citing *Potter v. Firestone Tire Rubber Co.*, 6 Cal.4th 965, 1001
18   (1993)). "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all
19   bounds of that usually tolerated in a civilized community.' " *Id*.
20        The Ninth Circuit has held that an officer's "use of excessive force [may
21   constitute] outrageous conduct" for purposes of an intentional infliction of emotional
22   distress claim. *Blankenhorn v. City of Orange*, 485 F.3d 463, 487 n.17 (9th Cir. 2007).
23   Here, as explained above, the complaint alleges an excessive force claim against
24   Defendants. The Complaint also alleges that "Defendants KROUTIL, REINOSA, LAI
25   [and] REED . . . knew and/or should have known that the plaintiff MELENDEZ was
26   susceptible to suffering severe emotional distress from the actions taken," which "were
27
28   outrageous and not the type of conduct condoned in a civilized society." (Complaint ¶¶

131-132.) These allegations are sufficient to maintain a claim for intentional infliction of emotional distress against Defendants. Defendants' Rule 12(b)(6) motion, as to Plaintiff's IIED claim, should be DENIED.

## IV.     IF THIS COURT FINDS THAT PLAINTIFF HAS NOT SUFFICIENTLY PLEAD ONE OR MORE CLAIMS, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND.

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). If this Honorable Court finds Plaintiff's FAC wanting in specificity or detail, this Court should grant Plaintiff leave to amend the Complaint so that he may cure those defects.

## <u>CONCLUSION</u>

For the reasons above, Defendants' Motion to Dismiss should be DENIED.

Date: July 30, 2021

__s/Jerry L. Steering____      __
JERRY L STEERING
